The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Shuping. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with the minor modification of a date in finding of fact number 1.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. The involved claim arises out of the inventory of plaintiff's personal property that was done on March 24, 1993 by Sergeant Debbie Hamm when he initially arrived at Eastern Correction Unit as required by to prison policy and procedure. As part of the same procedure Sergeant Hamm prepared a written personal property inventory on a DC 160 form listing each item of personal property in plaintiff's possession upon his arrival at the unit and plaintiff does not dispute the accuracy of Sergeant Hamm's inventory.
2. Because the art pictures listed were larger than allowed under prison policy and procedure Sergeant Hamm gave plaintiff the option of mailing them home and he agreed to allow her to do so. Sergeant Hamm subsequently mailed the same art items listed on the personal property inventory to plaintiff's sister, Geraldine Jenkins, and he does not dispute that she subsequently received them. Plaintiff, however, contends that the remainder of his personal property including a Bulova watch, Serial Number 1200443, were never returned to him and have subsequently been lost giving rise to the instant claim.
3. Plaintiff's testimony, and any other evidence, which if believed would tend to establish that the claimed items of personal property were not returned to him by Sergeant Hamm and were subsequently lost is not accepted as credible and is not only contrary to the credible evidence otherwise of Sergeant Hamm that she returned the claimed items of personal property to plaintiff, but the fact that the very same Bulova watch that plaintiff claims was lost was subsequently found in his possession during the December 1993 inventory of the personal property in plaintiff's cell after his being placed in segregation.
Although Sergeant Hamm was under a duty to exercise due and reasonable care in the inventorying of plaintiff's personal property and to insure that non-contraband items were returned to him; she did not breach that duty on the date in question; but rather, returned each of the non-contraband items of personal property claimed directly to plaintiff and mailed the other ones to his sister.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
For the reasons stated in the above Findings of Fact there was no actionable negligence on the part of Sergeant Hamm or any other named or unnamed employee, servant, agent or representative of the North Carolina Department of Correction resulting in the loss of the personal property claimed; but rather, upon completing the involved inventory Sergeant Hamm returned each and all of plaintiff's personal property to him other than the non-allowable art pictures she mailed to his sister and plaintiff does not dispute were received.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. IT IS THEREFORE ORDERED that plaintiff have and recover nothing and that his claim be DISMISSED with prejudice.
2. Each side shall bear its own costs.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER